**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

FRANKLIN HYNSON,                :

   Plaintiff                            :

v                                            :         Civil Action No. PJM-05-2521

LT. J. DIGGS,                             :

   Defendant                         :

o0o

**MEMORANDUM**

The above-captioned civil rights action was filed on September 9, 2005, together with a Motion for Leave to Proceed in Forma Pauperis. Paper No. 2. Because he appears to be indigent, Plaintiff's motion shall be granted.

Plaintiff is currently incarcerated at Eastern Correctional Institution (ECI). The Complaint concerns Plaintiff's allegations that prison officials conducted a search of his cell but did not return all of his property. Paper No. 1 at p. 4. He also claims that during a hearing concerning this claim, an administrative law judge permitted an institutional representative to perjure herself concerning the status of his property.[1] *Id.*

This Court is required by 28 U.S.C. §1915A to screen prisoner complaints and dismiss any claim that is frivolous, malicious or fails to state a claim upon which relief may be granted. In deciding whether a particular claim is frivolous "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989). Application of this standard to the instant complaint requires

---

[1] Plaintiff has not named the administrative law judge as a defendant in the complaint. Accordingly, this allegation shall be dismissed without prejudice.

dismissal of the property claim.

Plaintiff's only claim against the named defendant is that he was deprived of his property by Defendant Diggs. In cases such as this, all the Due Process Clause requires is the availability of an adequate post-deprivation remedy. *Parratt v. Taylor*, 451 U.S. 527, 542-44 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Maryland's Tort Claims Act provides such a remedy. *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982). The appropriate remedy for a claim like the one raised in this case is an action in state court after applicable administrative remedies are exhausted. *See e.g.*, Md. State Gov't Code Ann. § 12-101 *et seq*.

By separate Order which follows, the Complaint shall be dismissed without prejudice.

| | |
|---|---|
| 10/20/05 | /s/ |
| Date | PETER J. MESSITTE |
| | UNITED STATES DISTRICT JUDGE |